UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X   For Online Publication Only
KRISTEN BEATTIE,

                                          Plaintiff,              **ORDER**
                                                                     20-CV-03523 (JMA) (SIL)

      -against-

DEBORAH FARMANIAN and JASON WILHOITE,

                                          Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Following a fee dispute between Plaintiff Kristen Beattie and her former counsel in this action, Lawrence Wertheimer, Beattie moved to compel payment from Wertheimer of a portion of the settlement reached in this action under the terms of their retainer agreement. (ECF No. 15.) The Court referred Beattie's motion to Magistrate Judge Steven I. Locke for a report and recommendation ("R&R"). (Electronic Order dated Jan. 12, 2022.) Before the Court are objections submitted by Wertheimer to Magistrate Judge Locke's R&R, which recommends that the Court (1) exercise ancillary jurisdiction to consider Beattie's motion, and (2) grant Beattie's motion to compel payment from Wertheimer. (ECF No. 18.)

      Wertheimer timely filed objections to the R&R (ECF No. 19 ("R&R Objections")), and Beattie timely responded to Wertheimer's objections. (ECF No. 20.) After conducting a review of the full record (including the motion papers, R&R, and objections), and applicable law, the Court adopts Magistrate Judge Locke's R&R in its entirety as the opinion of the Court.

      In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y.), aff'd sub nom. Coyne v. Amgen, Inc., 717 F.

App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Locke's R&R to which there are no objections. Next, the Court turns to the portion of the R&R to which Wertheimer has objected. Wertheimer argues, inter alia, that Magistrate Judge Locke erred in finding that the term "depositions" is ambiguous as used in the retainer agreement, because "the plain meaning of the word 'depositions' is one or more deposition." (R&R Objections ¶ 4.) Wertheimer contends that, because "[a] deposition was taken prior to settlement," he is entitled to the full contingent fee of 33 and 1/3 percent of the total settlement. (Id.) Regarding Wertheimer's objections to this portion of the R&R, the Court has undertaken a de novo review of the full record and applicable law, and the Court agrees with Magistrate Judge Locke's R&R.

For the foregoing reasons, the Court affirms and adopts the well-reasoned R&R in its entirety as the opinion of the Court. Beattie's motion to compel payment is GRANTED. Accordingly, Beattie is awarded $25,332.70, which represents 13 and 1/3 percent of the total settlement amount, and the amount owed to Beattie by Wertheimer under the terms of their retainer agreement. (See Declaration of Kristen Beattie ¶ 4, Ex. A, ECF No. 15-2.) The Clerk of Court is respectfully directed to enter judgment in Beattie's favor in the amount of $25,332.70.

**SO ORDERED.**

Dated: August 31, 2022
Central Islip, New York

                                                     /s/   (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE